NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ANDREA CLAIRE WOOD; TAYLOR
PACKWOOD,

Plaintiffs-Appellants,

v.

SGT INVESTMENT; CLEMENT
HOLDINGS; TOM MALGESINI; TOM
MALGESINI IRA; ALAN HORWITZ,

Defendants-Appellees.

No.   23-15939

D.C. No.
3:22-cv-00513-MMD-CSD

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted April 22, 2025[**]

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Andrea Claire Wood and Taylor Packwood appeal pro se from the district

court's judgment dismissing their foreclosure-related action.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo.  We review de novo a dismissal

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1156 (9th Cir. 2007). We may affirm on any basis supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm.

The district court properly dismissed Wood's claims against SGT Investment ("SGT") and Clement Holdings ("Clement") because the claims are barred by the two-dismissal rule. *See* Fed. R. Civ. P. 41(a)(1)(B); *Rose Ct., LLC v. Select Portfolio Servicing, Inc.*, 119 F.4th 679, 685-686, 688 (9th Cir. 2024) (setting forth the requirements for application of the two-dismissal rule, and explaining that "a subsequent claim is the same as a previously dismissed claim if it arises from the same set of facts as the first action and the claim could have been or was raised in the preceding action" and that the "rule applies even to a defendant who was not previously named if that defendant is substantially the same as the defendant dismissed" (citation and internal quotation marks omitted)). Dismissal of Wood's claims against Tom Malgesini and Tom Malgesini IRA was also proper under the two-dismissal rule. *See id*.

Dismissal of Wood's claims against Alan Horwitz was proper because Wood failed to include any allegations about Horwitz in the amended complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to survive a motion to dismiss, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged").

The district court properly dismissed Packwood's claims against SGT and Clement because Packwood failed to allege an injury in fact for purposes of Article III standing. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992) (constitutional standing requires an "injury in fact," that is, "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical" (citations and internal quotation marks omitted)). Dismissal of Packwood's claims against the remaining defendants was also proper because Packwood failed to allege an injury in fact. *See id*.

The district court did not abuse its discretion by dismissing the amended complaint without leave to amend. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

All pending motions are denied.

**AFFIRMED.**